EFILED LUCAS COUNTY
07/11/2022 09:17 AM
COMMON PLEAS COURT
BERNIE QUILTER, CLE
efile id 101365

IN THE COURT OF COMMON PLEAS
LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| PHILIP APODACA<br>3650 Revere Drive<br>Toledo, Ohio 43612 | )<br>)<br>)<br>) | CASE NO. G-4801-CI-0202202991-000<br>Judge<br>JUDGE LINDA J. JENNINGS |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| MID-WESTERN CAR CARRIERS, INC.<br>S/A: Debra K. Wills<br>2010 S. Television Place<br>Blue Summit, Missouri 64126 | )<br>)<br>)<br>)<br>) | **COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |
| and | )<br>) | |
| FIRST SELECT TRANSPORT, INC.<br>S/A: Corey Suggs<br>221 Brassy Creek Avenue<br>Durham, North Carolina 27712 | )<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| COREY SUGGS<br>221 Brassy Creek Avenue<br>Durham, North Carolina 27712 | )<br>)<br>)<br>) | |
| and | )<br>) | |
| JOHN DOE #1-3<br>(names and address unknown) | )<br>)<br>) | |
| Defendants. | ) | |

Now comes Plaintiff, Philip Apodaca, by and through the undersigned counsel, and for his Complaint against the Defendants states the following:

## INTRODUCTION

1. At all times herein mentioned, Plaintiff, Philip Apodaca, resided in Lucas County, Ohio.

2. Mid-Western Car Carriers, Inc. (hereinafter "Mid-Western") is registered with the Federal Motor Carrier Safety Administration with USDOT number 2444002, and is a business entity organized and existing under the laws of the State of Missouri with its principal place of business located in Kansas City, Missouri.

3. Defendant, First Select Transport, Inc. (hereinafter "First Select"), is registered with the Federal Motor Carrier Safety Administration with USDOT number 3748018, and is a business organized and existing under the laws of the State of North Carolina with is principal place of business located at 221 Brassy Creek Avenue, Durham, North Carolina.

4. Upon information and belief, Defendant, Corey Suggs (hereinafter "Suggs") resides at 221 Brassy Creek Avenue, Durham, North Carolina. Suggs is/was an operator of Interstate Trucks.

5. Upon information and belief, Defendant, Corey Suggs, was an employee and/or agent of Defendants, Mid-Western and/or First Select, and operated a commercial truck and/or motor vehicle in furtherance of the business affairs of Defendants, Mid-Western and First Select, on July 18, 2020. Defendants, Mid-Western and/or First Select, are responsible for the acts, omissions and negligence of its employees under the doctrine of *respondeat superior*.

6. John Does #1-3 is/are parties that Defendant Suggs was working for on July 18, 2020, but despite due diligence, their identities are unknown.

2

## COUNT I
### (Negligence)

7. Plaintiff restates and reaffirms the allegations contained in paragraphs 1 through 6 of the Complaint, as if fully rewritten herein.

8. On or before July 18, 2020, Defendant, Corey Suggs, was an operator of a semi-tractor trailer, was carrying vehicles via trailer. Defendant Suggs had a duty to drive his truck in a safe and reasonable manner, to obey all traffic laws, and to recognize and yield to other vehicles that had the right of way.

9. On July 18, 2020, Defendant Suggs negligently operated his semi-tractor trailer into collision with a vehicle lawfully operated by Plaintiff.

10. Defendant Suggs was negligent when he attempted to make a left hand turn from a gas station parking lot onto Stickney Road southbound in Toledo, Lucas County, Ohio, resulting in a violent collision.

11. At all times herein mentioned, Defendant Suggs was in the course and scope of his employment with Defendants, Mid-Western, First Select and/or John Does #1-3. These Defendants are responsible for the negligence of Defendant Suggs under the doctrine of *respondeat superior*.

12. The Defendants were negligent as follows:

    a. Failing to yield to Plaintiff when Plaintiff had the right of way;

    b. Failing to exercise due care;

    c. Failing to comply with minimum safety standards required by the Federal Motor Carrier Regulations;

    d. Failing to safely maneuver his commercial motor vehicle; and

    e. Failing to drive in compliance with the required hours of service.

13. As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious and permanent injuries to various parts of his body. Said injuries caused Plaintiff pain, suffering, disability and loss of enjoyment of life. Due to the permanent nature of the injuries, Plaintiff will, in all likelihood, continue to suffer into the indefinite future.

14. As a further direct and proximate result of Defendants' negligence, Plaintiff incurred hospital and medical bills, all to his further damage and expense.

15. As a further result of the foregoing, Plaintiff was caused to miss time from work and therefore lost wages. His future earning capacity has been impaired.

## COUNT II
### (Vicarious Liability)

16. Plaintiff restates and reaffirms the allegations contained in paragraphs 1 through 15 of the Complaint, as if fully rewritten herein.

17. At all relevant times, Defendant, Corey Suggs, was an employee, agent, servant or independent contractor for Defendants, Mid-Western, First Select and/or John Does. Accordingly, Defendants are vicariously liable for the acts of Defendant Suggs as described above.

18. Regardless of the employment or agency relationship, Defendants, Mid-Western, First Select and/or John Does, are interstate motor carriers and are responsible for the acts, omissions or negligence of Defendant, Corey Suggs.

## COUNT III
### (Corporate Negligence)

19. Plaintiff restates and reaffirms the allegations contained in paragraphs 1 through 18 of the Complaint, as if fully rewritten herein.

20. Defendants, Mid-Western and First Select, had a duty to act reasonably in hiring, instructing, training, supervision and retaining its drivers and other employees and agents, including Defendant Suggs and to promulgate and enforce policies, procedures and rules to ensure that its drivers or operators were reasonable safe.

21. Defendants, Mid-Western and First Select, had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

22. Defendants, Mid-Western and First Select, failed the above-mentioned duties and were therefore negligent.

23. Defendants, Mid-Western and First Select's negligence was the direct and proximate cause of Plaintiff's injuries and damages as described above.

WHEREFORE, Plaintiff prays for judgment, on each Count, against Defendants, jointly and severally, in an amount in excess of $25,000.00, together with the costs of this action and pre-judgment interest.

Respectfully submitted,

*/s/ Scott A. Rumizen*
SCOTT A. RUMIZEN (0058561)
DAVID S. MICHEL (0014173)
R. MATTHEW WEISMAN (0099087)
Rumizen & Weisman Co., Ltd.
25201 Chagrin Blvd., Suite 270
Beachwood, OH 44122
Tel: (216) 658-5500
Fax: (216) 658-5100
Email: srumizen@weismaninjury.com
david@davidmichellaw.com
mattweisman@weismaninjury.com
*Counsel for Plaintiff*

## JURY DEMAND

Pursuant to Rule 38(B) of the Ohio Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of the maximum number allowable by law.

*/s/ Scott A. Rumizen*
SCOTT A. RUMIZEN (0058561)
