EFILED LUCAS COUNTY
08/02/2022 09:19 AM
COMMON PLEAS COURT
BERNIE QUILTER, CLERK
efile id 103169

IN THE COURT OF COMMON PLEAS
LUCAS COUNTY, OHIO

| | |
|---|---|
| PHILIP APODACA<br>3650 Revere Drive<br>Toledo, Ohio 43612<br><br>Plaintiff,<br><br>-vs-<br><br>MID-WESTERN CAR CARRIERS, INC.<br>S/A: Debra K. Wills<br>2010 S. Television Place<br>Blue Summit, Missouri 64126<br><br>and<br><br>FIRST SELECT TRANSPORT, INC.<br>S/A: Corey Suggs<br>221 Brassy Creek Avenue<br>Durham, North Carolina 27712<br><br>and<br><br>COREY SUGGS<br>221 Brassy Creek Avenue<br>Durham, North Carolina 27712<br><br>and<br><br>WESTFIELD INSURANCE COMPANY<br>S/A: Frank Carrino<br>One Park Circle<br>Westfield Center, Ohio 44251<br><br>and<br><br>JOHN DOE #1-3<br>(names and address unknown)<br><br>Defendants. | CASE NO. G-4801-CI-0202202991-000<br><br>JUDGE LINDA J. JENNINGS<br><br><br><br>**FIRST AMENDED COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

Now comes Plaintiff, Philip Apodaca (hereinafter "Plaintiff"), by and through the undersigned counsel, and for his First Amended Complaint pursuant to Civ R. 15 (a), states as follows:

## INTRODUCTION

1. At all times herein mentioned, Plaintiff resided in Lucas County, Ohio.

2. Defendant, Mid-Western Car Carriers, Inc. (hereinafter "Mid-Western"), is registered with the Federal Motor Carrier Safety Administration with USDOT number 2444002 and is a business entity organized and existing under the laws of the State of Missouri with its principal place of business located in Kansas City, Missouri.

3. Defendant, First Select Transport, Inc. (hereinafter "First Select"), is registered with the Federal Motor Carrier Safety Administration with USDOT number 3748018 and is a business organized and existing under the laws of the State of North Carolina with its principal place of business located at 221 Brassy Creek Avenue in Durham, North Carolina.

4. Upon information and belief, Defendant, Corey Suggs (hereinafter "Suggs") resides at 221 Brassy Creek Avenue in Durham, North Carolina. Defendant Suggs is/was an operator of interstate trucks.

5. Upon information and belief, Defendant Suggs was an employee and/or agent of Defendants Mid-Western and/or First Select and operated a commercial truck and/or motor vehicle in furtherance of the business affairs of Defendants Mid-Western and First Select on July 18, 2020. Defendants Mid-Western and/or First Select are responsible for the acts, omissions and negligence of its employees under the doctrine of *respondeat superior*.

2

6. Defendant Westfield Insurance Company (hereinafter "Westfield") is a duly organized corporation recognized and existing under the laws of the State of Ohio with its principal place of business located at One Park Circle in Westfield Center, Medina County, Ohio.

7. John Doe #1-3 is/are parties that Defendant Suggs was working for on July 18, 2020, but whose names and addresses are unknown despite due diligence to ascertain the same.

## COUNT I
### (Negligence)

8. Plaintiff restates and reaffirms the allegations contained in paragraphs 1 through 7 of the Complaint, as if fully rewritten herein.

9. On or before July 18, 2020, Defendant Suggs was an operator of a semi- tractor trailer and was carrying vehicles via trailer. Defendant Suggs had a duty to drive his truck in a safe and reasonable manner, to obey all traffic laws, and to recognize and yield to other vehicles that had the right of way.

10. On July 18, 2020, Defendant Suggs negligently operated his semi-tractor trailer into collision with a vehicle lawfully operated by Plaintiff.

11. Defendant Suggs was negligent when he attempted to make a left hand turn from a gas station parking lot onto Stickney Road southbound in Toledo, Lucas County, Ohio, resulting in a violent collision.

12. At all times herein mentioned, Defendant Suggs was working within the course and scope of his employment with Defendants Mid-Western, First Select and/or John Does #1-3. These Defendants are responsible for the negligence of Defendant Suggs under the doctrine of *respondeat superior*.

13. Defendants were negligent as follows:

    a. Failing to yield to Plaintiff when Plaintiff had the right of way;

3

b. Failing to exercise due care;

   c. Failing to comply with minimum safety standards required by the Federal Motor Carrier Regulations;

   d. Failing to safely maneuver his commercial motor vehicle; and

   e. Failing to drive in compliance with the required hours of service.

14. As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious and permanent injuries to various parts of his body. Said injuries caused Plaintiff pain, suffering, disability and loss of enjoyment of life. Due to the permanent nature of the injuries, Plaintiff will, in all likelihood, continue to suffer into the indefinite future.

15. As a further direct and proximate result of Defendants' negligence, Plaintiff incurred hospital and medical bills, all to his further damage and expense.

16. As a further result of the foregoing, Plaintiff was caused to miss time from work and therefore lost wages. His future earning capacity has been impaired.

## COUNT II
### (Vicarious Liability)

17. Plaintiff restates and reaffirms the allegations contained in paragraphs 1 through 16 of the Complaint, as if fully rewritten herein.

18. At all times herein mentioned, Defendant Suggs was an employee, agent, servant or independent contractor for Defendants Mid-Western, First Select and/or John Doe 1-3. Accordingly, Defendants are vicariously liable for the acts of Defendant Suggs as described above.

19. Regardless of the employment or agency relationship, Defendants Mid-Western, First Select and/or John Doe 1-3 are interstate motor carriers and are responsible for the acts, omissions and/or negligence of Defendant Suggs.

## COUNT III
### (Corporate Negligence)

20. Plaintiff restates and reaffirms the allegations contained in paragraphs 1 through 19 of the Complaint, as if fully rewritten herein.

21. Defendants Mid-Western and First Select had a duty to act reasonably in hiring, instructing, training, supervising and retaining their drivers and other employees and agents, including Defendant Suggs and to promulgate and enforce policies, procedures and rules to ensure that their drivers or operators were reasonable safe.

22. Defendants Mid-Western and First Select had a duty to exercise reasonable care in entrusting their vehicles and equipment to responsible, competent and qualified drivers.

23. Defendants Mid-Western and First Select breached the above-mentioned duties and were therefore negligent.

24. Defendants Mid-Western and First Select's negligence was the direct and proximate cause of Plaintiff's injuries and damages as described above.

## COUNT IV
### (Medical Payments Subrogation)

25. Plaintiff restates and reaffirms all allegations contained in paragraphs 1 through 24 of the Complaint, as if fully rewritten herein.

26. On or about July 18, 2020, Plaintiff was a covered insured under an automobile insurance policy issued by Defendant Westfield. Said policy provided Medical Payment coverage of $5,000.00 for medical bills incurred in an automobile collision.

27. As a result of July 18, 2020 collision, Defendant Westfield paid medical payments on behalf of Plaintiff in the amount of $5,000.00.

5

28. Defendant Westfield has asserted a lien against Plaintiff for reimbursement of said medical payments in the amount of $5,000.00.

29. Pursuant to Civ. R.19(A)(3), Defendant Westfield shall be joined in this action as it has an interest relating to the subject of the action as a subrogee. Further, there is a justiciable issue and/or controversy between the Plaintiff and Defendant Westfield concerning the alleged subrogation.

WHEREFORE, in counts I through III, Plaintiff prays for judgment, against Defendants, jointly and severally, in an amount in excess of $25,000.00, together with the costs of this action and pre-judgment interest; on Count IV, Plaintiff demands Declaratory Judgment against Westfield concerning its rights and Plaintiff's obligations pursuant to the terms of the medical payment portion of its insurance policy.

Respectfully submitted,

*/s/ Scott A. Rumizen*
SCOTT A. RUMIZEN (0058561)
DAVID S. MICHEL (0014173)
R. MATTHEW WEISMAN (0099087)
Rumizen & Weisman Co., Ltd.
25201 Chagrin Blvd., Suite 270
Beachwood, OH 44122
Tel: (216) 658-5500
Fax: (216) 658-5100
Email: srumizen@weismaninjury.com
　　　david@davidmichellaw.com
　　　mattweisman@weismaninjury.com

*Counsel for Plaintiff*

## JURY DEMAND

Pursuant to Rule 38(B) of the Ohio Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of the maximum number allowable by law.

/s/ Scott A. Rumizen
SCOTT A. RUMIZEN (0058561)

7